IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT COURT OF ALABAMA
SOUTHERN DIVISION

RECEIVED 2005 MAY 11 P 2: 23

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| DIANE MURPHY, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 1:05CV 443-W |
| ADVANCE AMERICA CASH ADVANCE CENTERS OF ALABAMA, INC., | ) |
| Defendant. | ) |

**DEMAND FOR JURY TRIAL**

## COMPLAINT

1. Plaintiff is a citizen of the state of Alabama, and a resident of Enterprise, Alabama.

2. Defendant, Advance America Cash Advance Centers of Alabama, Inc., is a corporate entity doing business in Alabama.

3. This is an action for declaratory judgment and damages under 42 U.S.C. sec. 1981 and 42 U.S.C. sec. 1988.

4. This court has jurisdiction of this proceeding under 42 U.S.C. sec. 1981; 28 U.S.C. secs. 1331, 1332, 1337 and 1343.

5. Plaintiff is an African-American citizen of the United States and is a resident of the State of Alabama.

6. The Defendant is an employer within the meaning of 42 U.S.C. sec. 1981 and employs the required number of employees at all times relevant to this action.

7. Venue lies in the United States District Court, Middle District of Alabama, Southern Division.

8. Plaintiff began her employment with the Defendant on or about March 27, 2000. During the course of her employment with the Defendant, Plaintiff was passed up for at least two management positions which she applied for. These management positions were instead given to less qualified Caucasian individuals. Plaintiff has been threatened with termination during the course of her employment by her supervisor, John Knowles (Caucasian) for acts she did not commit. Plaintiff was finally moved into a management position after several complaints to the Defendant's corporate office. Plaintiff was given the manager position for the Defendant's Ozark location. Plaintiff turned this store around from the poor shape it had been in under the previous manager. Plaintiff was then taken out of this store by Mr. Knowles and moved her to the Enterprise location, which was in poor shape. Plaintiff did not want to be transferred but Mr. Knowles told her that was "too bad." Within one month of being moved to the Enterprise location, Plaintiff was terminated for allegedly not having a marketing plan. Plaintiff was terminated on or about December 29, 2004. Yet the prior Caucasian managers at that location for the previous

two years did not have marketing plans. Plaintiff was made to clean toilets and conduct door to door marketing while Caucasian managers were not. Plaintiff was given less employee support than Caucasian managers. Plaintiff was paid less than similarly situated Caucasian employees with less experience. Caucasian managers were paid overtime while the Plaintiff was not.

Plaintiff had always performed her job with distinction. Plaintiff has been discriminated against because of her race, African-American, in violation of 42 U.S.C. sec. 1981. Plaintiff has been subjected to disparate treatment and a hostile work environment because of her race, African-American.

9. As a result of the Defendant's discrimination, Plaintiff has suffered mental and emotional distress. Plaintiff has also suffered lost wages.

10. Plaintiff alleges that the acts of the Defendant were willful and intentional and that the Plaintiff is entitled to punitive damages pursuant to 42 U.S.C. sec. 1981.

WHEREFORE, Plaintiff prays for the following:

    a. Injunctive relief and reinstatement to her rightful position with all benefits and seniority restored;

b.  A judgment declaring that the treatment of Plaintiff by the Defendant was an unlawful employment practice under 42 U.S.C. sec. 1981;

c.  Backpay, lost wages and benefits, compensatory damages for lost wages and mental distress and punitive damages for willful conduct under 42 U.S.C. sec. 1981;

d.  Plaintiff also prays that the Court award Plaintiff costs and expenses of this action and award Plaintiff reasonable attorneys' fees;

e.  And such other relief that this Court deems proper.

_____
Kenneth F. Gray, Jr.
AL Bar No.: ASB-0475-R65K

_____
Bret M. Gray
AL Bar No.: ASB-3837-G54B

**OF COUNSEL:**
GRIFFIN & ASSOCIATES
2100 River Haven Drive
Suite 1
Hoover, AL 35244
(205) 402-7476

**PLAINTIFF DEMANDS A TRIAL BY JURY FOR ALL**

## THE ISSUES AND DEMANDS IN THIS CAUSE

**PLAINTIFF'S ADDRESS:**
c/o GRIFFIN & ASSOCIATES
2100 River Haven Drive
Suite 1
Hoover, AL 35244

**PLEASE SERVE DEFENDANTS BY CERTIFIED MAIL:**
Advance America Cash Advance Centers of Alabama, Inc.
c/o National Registered Agents, Inc.
150 South Perry Street
Montgomery, AL 36104-4045