IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2005 JUN -1  P 2: 54
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

DIANE MURPHY,

    Plaintiff,

v.

NO. 1:05cv443-W
Demand for Jury Trial

ADVANCE AMERICA CASH
ADVANCE CENTERS OF ALABAMA,

    Defendant.

## ANSWER OF DEFENDANT

1.    Defendant does not have sufficient knowledge of this allegation to form a belief as to its truth and, therefore, denies the same.

2.    The allegations of Paragraph 2 of Plaintiff's Complaint are admitted.

3.    Defendant admits that Plaintiff purports to bring claims under the cited statutes but denies that any such violations have occurred.

4.    The Defendant acknowledges that this Court has subject matter jurisdiction of this matter pursuant to 42 U.S.C. §1981 and original jurisdiction pursuant to 28 U.S.C. §1331, but denies the remaining allegations of Paragraph 4 of Plaintiff's Complaint.

5.    Defendant admits the allegations of Paragraph 5 of Plaintiff's Complaint.

6.    Defendant admits the allegations of Paragraph 6 of Plaintiff's Complaint.

7.    Defendant admits the allegations of Paragraph 7 of Plaintiff's Complaint.

8.    Defendant admits that Plaintiff began her employment with Defendant on or about the month of March 2000. Defendant is currently without sufficient knowledge of the detailed

allegations of the remaining portion of Paragraph 8 of Plaintiff's Complaint and, accordingly, denies the same.

9. Defendant denies that it has engaged in any unlawful conduct which proximately caused any injury to Plaintiff and, accordingly, denies the allegations of Paragraph 9 of Plaintiff's Complaint.

10. Defendant denies the allegations of Paragraph 10 of Plaintiff's Complaint.

11. Defendant denies any and all allegations of the Complaint which were not hereto not specifically admitted or denied.

## AFFIRMATIVE DEFENSES

12. Defendant avers that the Complaint fails to state a claim upon which relief can be granted.

13. Defendant avers that Plaintiff has failed to exhaust her available administrative remedies and/or conditions precedent to bringing suit and that all or part of her claims are thereby barred.

14. Defendant avers that all or part of this action is barred by the applicable statutes of limitations.

15. Without admitting any facts or allegations contained in the Complaint, Defendant avers that to the extent any decision made or action taken with regard to Plaintiff was based upon an impermissible motive, the same decision would have been taken regardless of such motive.

16. Defendant avers that it cannot be liable for acts of its employees which it neither authorized nor ratified.

17. Defendant avers that it cannot be held liable for acts of its employees committed

2

outside the scope of their employment.

18.  Defendant avers that it exercised reasonable care to prevent and correct promptly any discriminating behavior and that Plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by Defendant or to avoid harm otherwise.

19.  Without admitting any of the allegations contained in the Complaint, Defendant avers that to the extent the Complaint seeks punitive damages, it violates Defendant's right to protection from excessive fines as provided by the Eighth Amendment to the United States Constitution and it violates Defendant's right to substantive and procedural due process as provided in the Fifth and Fourteenth Amendments to the United States Constitution, and therefore fails to state a cause of action supporting the punitive damages claimed.

20.  Defendant avers that Plaintiff failed to mitigate her damages, if any.

21.  Defendant avers that this action is frivolous, unreasonable and groundless, and accordingly, Defendant is entitled to attorneys' fees and other costs associated with the defense of this action.

22.  Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.

Respectfully submitted,

LEWIS FISHER HENDERSON
  CLAXTON & MULROY, LLP
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
Telephone: (901) 767-6160
Facsimile: (901) 767-7411

By: _____
    James R. Mulroy, II

3

## CERTIFICATE OF SERVICE

I hereby certify that I have this 31st day of May, 2005 caused to be placed in the U.S. Mail, postage prepaid, a true and correct copy of the foregoing **ANSWER OF DEFENDANT** to:

>Kenneth F. Gray, Jr.
>Bret M. Gray
>Griffin & Associates
>2100 River Haven Drive, Suite 1
>Hoover, AL 35244

*/s/ [signature]*