IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DIANE MURPHY,

    Plaintiff,

v.

                                        NO. 1:05cv443-W
                                        Demand for Jury Trial

ADVANCE AMERICA CASH
ADVANCE CENTERS OF ALABAMA,

    Defendant.

---

**DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS,
WRITINGS AND THINGS TO PLAINTIFF**

---

Defendant, Advance America Cash Advance Centers of Alabama, pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Plaintiff, Diane Murphy, produce for inspection and copying the following documents, writings or things within Plaintiff's possession, custody or control, or within the possession, custody or control of Plaintiff's attorneys, representatives or agents. Production of the following documents, writings or things shall occur as soon as possible, and in no event later than thirty (30) days after service, at an exact time to be agreed upon by counsel, at the offices of LEWIS FISHER HENDERSON CLAXTON & MULROY, LLP, 6410 Poplar Avenue, Suite 300, Memphis, Tennessee 38119. Alternatively, true and correct copies of requested documents, writings or things may be sent to James R. Mulroy, II, LEWIS FISHER HENDERSON CLAXTON & MULROY, LLP, 6410 Poplar Avenue, Suite 300, Memphis, Tennessee 38119, within the time specified above.



EXHIBIT B

## DEFINITIONS AND INSTRUCTIONS

In producing the required documents, writings or things, please furnish all documents, writings or things under the possession, custody or control of Plaintiff and any and all persons acting on Plaintiff's behalf.

The requests for documents, writing or things which follow are to be considered as continuing, and you are requested to provide, by way of supplementary responses thereto, such additional documents, writings or things as may subsequently come under the possession, custody or control of Plaintiff or any person acting on Plaintiff's behalf which relate to any of the requests for production herein.

1.  "Documents, writings or things" means all documents, writings or things of any kind, including the originals and all non-identical copies, whether different from the originals by reason of any notation made on such copies or otherwise, including, without limitation, correspondence, memoranda, notes (handwritten or otherwise), notebooks, messages, affidavits, statements, diaries, statistics, files, reports, advertisements, announcements, schedules, worksheets, questionnaires, surveys, computations, letters, telegrams, drawings, minutes, contracts, reports, studies, checks, receipts, returns, summaries, indices, calendars, pamphlets, books, forms, records, communications (including, without limitation, interoffice and intra-office communications), notations of any sort of conversation, telephone calls, meetings or other communications, bulletins, printed matter, computer printouts, teletypes, telefax, invoices; graphic or oral records or representations of any kind (including, without limitation, photographs, charts, graphs, microfiches, microfilm, videotapes, recordings, motion or still pictures or photographs); and any electronic, mechanical, computer, or records or representations of any

kind (including, without limitation, tapes, cassettes, discs, recordings, transcription of records and computer memories), however produced or reproduced.

2. If any response includes a statement to the effect that any requested documents, writings or things are not in your possession or custody, describe in detail the unsuccessful efforts you made to locate the records.

3. If any response includes a statement to the effect that any requested documents, writings or things are not in your control, identify each individual who has control and the location of the records.

4. If any response includes a statement to the effect that any requested documents, writings or things are not in your possession, custody or control, provide any documents, writings or things you have that contain all or part of the information contained in the request(s).

5. Identify the source of any documents, writings or things you produce.

6. If any documents, writings or things or any parts of any documents, writings or things called for by these requests are withheld under a claim of privilege, a list of withheld documents, writings or things is to be furnished simultaneously with written objections identifying any documents, writings or things so withheld, together with the following:

    (a) A statement constituting the basis for any claim of privilege, work product or other ground of non-disclosure;

    (b) A brief description of each document, writing or thing including:

        (i) the date of each document, writing or thing;

        (ii) the number of pages, attachments, and appendices;

        (iii) the name(s) of its author, authors or prepares and the employment and title of each such person;

    (iv)    the name(s) of each person to whom the document, writing or thing or a copy thereof, was sent, shown or made accessible, or to whom it was explained, together with an identification of each such person;

    (v)    the present custodian of the documents, writings or things requested to be produced;

    (vi)    the subject matter of the document, writing or thing and in the case of any document, writing or thing relating in any way to a meeting or conversation, identification of the participants in such meeting or conversation; and

    (vii)    the paragraph(s) of this request to which the document, writing or thing relate.

7. "Relating to," "related," "relate" and "relate to" shall be construed in the broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

8. The terms "Plaintiff" and "Defendant," as well as a party's full or abbreviated name or pronoun referring to a party, mean the party and, where applicable, its officers, directors, employees, partners, corporate parent, subsidiaries or affiliates, agents, accountants and attorneys.

9. The term "person" is defined as any natural person or any business, legal, or governmental entity or association.

10. If any documents, writings or things requested herein have been lost, discarded, destroyed or otherwise disposed of, identify as completely as possible the documents, writings or things so lost, discarded, destroyed and indicate the date of disposal, manner of disposal, reason for disposal, the person authorizing the disposal, and the person disposing of the document,

writing or thing.

11.     This request for production of documents, writings or things is deemed to be continuing in nature. If documents, writings or things are created or discovered in the future which are responsive to this request, production of those documents, writings or things is hereby requested.

12.     Plaintiff's response should identify which documents, writings or things are responsive to which specific request(s). In lieu of a written list, the responsive documents, writings or things may be separated by dividers that indicate to which specific request(s) the documents, writings or things are responsive. If a particular document, writing or thing is responsive to more than one request, it should be provided with a reference to each request to which it is responsive.

## REQUESTS FOR PRODUCTION

### REQUEST FOR PRODUCTION NO. 1:

Any and all United States and state tax returns filed on behalf of Plaintiff, Diane Murphy, individually or jointly, and any business, partnership or other entity in which Plaintiff may have an ownership interest for the years 2000 to the present, and any other documentation setting forth Plaintiff's income and the sources of her income from January 1, 2000, to present.

### REQUEST FOR PRODUCTION NO. 2:

Any and all documents, writings or things relating to Plaintiff's employment with Defendant, including, but not limited to, any and all personnel documents, booklets, notices, summaries of policies and/or plans, correspondence, notes of meetings, notes of telephone conversations, and/or other contacts between Plaintiff and Defendant.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff was passed over for two management positions she applied for in favor of less qualified Caucasians.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff had been threatened with termination during the course of her employment by her supervisor, John Knowles, for acts she did not commit.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff was moved into a management position after complaints to the Defendant's corporate office.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff turned Defendant's Ozark store around from its previous poor condition.

**REQUEST FOR PRODUCTION NO. 7:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Defendant's Enterprise location was in "poor shape."

**REQUEST FOR PRODUCTION NO. 8:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff did not want to be transferred to Defendant's Enterprise location.

**REQUEST FOR PRODUCTION NO. 9:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Knowles told Plaintiff it was "too bad" that she did not want to be transferred.

**REQUEST FOR PRODUCTION NO. 10:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that within one month of being moved to the Enterprise location, Plaintiff was terminated for not having a marketing plan.

**REQUEST FOR PRODUCTION NO. 11:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that prior Caucasian managers at Defendant's Enterprise location did not have marketing plans.

**REQUEST FOR PRODUCTION NO. 12:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff was made to clean toilets and conduct door to door marketing.

**REQUEST FOR PRODUCTION NO. 13:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Caucasian managers were not made to clean toilets and conduct door to door marketing.

**REQUEST FOR PRODUCTION NO. 14:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff was given less employee support than Caucasian managers.

**REQUEST FOR PRODUCTION NO. 15:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff was paid less than similarly situation Caucasian employees with less experience.

**REQUEST FOR PRODUCTION NO. 16:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Caucasian managers were paid overtime.

**REQUEST FOR PRODUCTION NO. 17:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff was not paid overtime.

**REQUEST FOR PRODUCTION NO. 18:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff has always performed her job with distinction.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff was discriminated against because of her race, African-American, in violation of 42 U.S.C. § 1981.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 8 of the Complaint that Plaintiff has been subject to disparate treatment and a hostile work environment because of her race, African-American.

**REQUEST FOR PRODUCTION NO. 21:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 9 of the Complaint that as a result of Defendant's alleged discrimination, Plaintiff has suffered mental and emotional distress.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 9 of the Complaint that Plaintiff has suffered lost wages.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all documents, writings or things relating to the allegation contained in Paragraph 10 of the Complaint that Defendant's actions were willful and intentional, and that Plaintiff is entitled to punitive damages.

**REQUEST FOR PRODUCTION NO. 24:**

Any and all documents, writings or things relating to the allegations contained in the Complaint, including those in the Prayer for Relief Paragraphs, regarding the damages alleged to be suffered by Plaintiff and/or any other relief sought by Plaintiff in this action.

**REQUEST FOR PRODUCTION NO. 25:**

Any and all written statements from any person relating to the alleged unlawful conduct of Defendants.

**REQUEST FOR PRODUCTION NO. 26:**

Any and all tape recordings (audio or video) or electrical or mechanical recordings or transcriptions relating to the claims or defenses of either party to this lawsuit.

**REQUEST FOR PRODUCTION NO. 27:**

Any and all letters, statements, diaries, journals, notes, calendars or other documents, writings, things or recordings within Plaintiff's possession, custody or control that reflect, record or discuss any of the events and/or claims alleged by Plaintiff in her Complaint.

**REQUEST FOR PRODUCTION NO. 28:**

Any and all documents, writings or things relating to any charges or claims filed by Plaintiff with any federal, state or local agency or entity regarding Plaintiff's employment with Defendants, or the termination thereof, including, without limitation, each and every document Plaintiff provided to the agency or entity, and each and every document the agency or entity provided to Plaintiff.

**REQUEST FOR PRODUCTION NO. 29:**

Any and all documents, writings or things relating to income, earnings and benefits received by Plaintiff or which have been available to Plaintiff from any employer since her termination by Defendants.

**REQUEST FOR PRODUCTION NO. 30:**

Any and all documents, writings or things relating to any claim made by Plaintiff for unemployment compensation from December 29, 2004, to the present.

**REQUEST FOR PRODUCTION NO. 31:**

Please sign and return the attached Employment Records Authorization Form.

**REQUEST FOR PRODUCTION NO. 32:**

Any and all documents, writings or things relating to Plaintiff's attempts, if any, to find other employment after leaving the employment of Defendant including, but not limited to, applications

tendered, resumes, letters of hiring or rejections of employment and any contracts with employment agencies.

**REQUEST FOR PRODUCTION NO. 33:**

Any and all documents, writing or things relating to any claim made by Plaintiff for disability benefits, whether from a governmental agency or through a private contract, from December 29, 2004, to present.

**REQUEST FOR PRODUCTION NO. 34:**

All documents, writings, or things relating to any contacts or communications by Plaintiff with any employees or former employees of Defendant concerning this litigation or its subject matter.

**REQUEST FOR PRODUCTION NO. 35:**

All documents, writings, or things including, but not limited to, prescriptions, medical records, medical reports, x-rays, correspondence, notes, memoranda, bills, invoices and statements relating to:

(a) Any physical, mental or emotional illness, injury or condition which Plaintiff claims to have suffered or continues to be suffering as a result of Defendants' conduct; or

(b) Any treatment, hospitalization or professional services rendered in connection with or as a result of any such physical, mental or emotional illness, injury or condition.

**REQUEST FOR PRODUCTION NO. 36:**

Any and all documents, writings, or things related in any way to Plaintiff's claims in this action or any defenses thereto which have not previously been requested herein.

        Respectfully submitted,

        LEWIS FISHER HENDERSON
          CLAXTON & MULROY, LLP
        6410 Poplar Avenue, Suite 300
        Memphis, Tennessee 38119
        Telephone: (901) 767-6160
        Facsimile: (901) 767-7411

By: _____
        James R. Mulroy, II
        Kelly S. Gooch

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 2nd day of December, 2005 caused to be placed in the U.S. Mail, postage prepaid, a true and correct copy of the foregoing **DEFENDANT'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS, WRITINGS AND THINGS TO PLAINTIFF** to:

        Kenneth F. Gray, Jr., Esq.
        Bret M. Gray, Esq.
        Griffin & Associates
        2100 River Haven Drive, Suite 1
        Hoover, AL 35244

# **EMPLOYMENT RECORDS RELEASE**

TO WHOM IT MAY CONCERN:

    I authorize and request all of my present or past employers, as well as all persons and companies with whom I have sought employment, to deliver to LEWIS FISHER HENDERSON CLAXTON & MULROY, LLP, 6410 Poplar Ave., Suite 300, Memphis, Tennessee 38119, its agents or employees, any and all information about my application for employment and/or my employment, including applications for employment and personnel records, and I further authorize and request all such actual or prospective employers to discuss with LEWIS FISHER HENDERSON CLAXTON & MULROY, LLP, its agents or employees, any and all matters concerning my application for employment or my employment, past, present, or future.

    I likewise authorize and request all agents and employees of the Tennessee Employment Commission, similar agencies of all other states, and/or the United States Department of Labor to deliver to LEWIS FISHER HENDERSON CLAXTON & MULROY, LLP, its agents or employees, any and all information in their possession, custody, or control, or otherwise available to them, about my work history or benefit history and/or about my application for employment and/or for unemployment compensation at any time.

    A photocopy of this Release is as valid and as binding as an original executed by the undersigned.

Signed: _____
          Diane Murphy

SS#: _____

Date: _____