## DECLARATION OF DIANE MURPHY

My name is Diane Murphy and I am over the age of nineteen and a resident of the State of Alabama. I am the Plaintiff in the case of <u>Diane Murphy v. Advance America Cash Advance Centers of Alabama</u> (Case No.: 1:05cv443-W). I began my employment with Advance America Cash Advance Centers of Alabama on March 23, 2000 as an Assistant Manager at the Enterprise Branch. On May 28, 2001, Edward Finnegan (Caucasian) was given the vacant Branch Manager position for the Enterprise location. I had expressed my interest in the Enterprise Branch Manager position to my Divisional Director of Operations John Knowles (Caucasian). I was not hired by Mr. Knowles when I began my employment with the Defendant. Even though I had been the Assistant Manager at the Enterprise location for over a year, Mr. Knowles hired Mr. Finnegan as the Branch Manager. When I questioned Mr. Knowles as to why I was not given the Enterprise Branch Manager position when I had been the Assistant Manager there for over a year, he said it was because I was not qualified for it. Yet upon hiring Mr. Finnegan, I was required to train Mr. Finnegan on how to perform the Branch Manager duties.

When the Ozark Branch Manager position came open soon after, I again expressed my interest in the position verbally to Mr. Knowles on more than one occasion. In September 2001, Deborah Mercer (Caucasian) was given the Ozark Branch Manager position. I again questioned Mr. Knowles as to why I did not receive the Ozark Branch Manager position and he said he gave it to someone who was "better qualified."

After not getting the Ozark Branch Manager position, I complained to Ms. Rodriguez. After making my complaint, Mr. Knowles made me take an assesment/psychological test to see if I was "management material." Mr. Knowles told me it was mandatory for all managers to take this test. I took the test as Mr. Knowles directed me to. When I asked the managers at other store locations if they had taken this test, they all informed me that they had never heard of it and were not made to take any test of that kind.

Once I was promoted to the position of Branch Manager, I was required to do door-to-door marketing for the store. I spoke with the Branch Managers at other locations and many of them did no door-to-door marketing. Those who did do door-to-door

marketing did not have to do the same amount I did. The Defendant's company policy states that door-to-door marketing was a requirement, yet other Branch Managers were allowed to roll up the marketing materials and throw them in peoples front yards. Mr. Knowles told me that was how Deborah Mercer would market but I was not allowed to do that. I was told by Mr. Knowles that I had to literally go door-to-door to houses to market. This required substantially more time. Yet John Knowles made this a requirement for me as a Branch Manager.

John Knowles never offered me the Branch Manager positions in Opp or Andalusia. I was never offered these positions at any time during the course of my employment with the Defendant and I certainly never turned these positions down.

There was no marketing plan in place at the Enterprise location when I was transferred there as Branch Manager for the two years prior where then were Caucasian Branch managers running that location. I was then told by Mr. Knowles to develop a marketing plan immediately upon my arrival as Branch Manager at the Enterprise location, in addition to cleaning the store, cleaning the toilets, conducting door-to-door marketing and running the everyday operations of the store. I requested additional staff assistance from Mr. Knowles since I was running the store short-handed in relation to the size of the store. Mr. Knowles told me he would get me help but he never did. There was an employee named Todd who Mr. Knowles told me about who was employed as a CSR Floater to assist with collections at the different branches. When I called Todd directly on the telephone after requesting help from Mr. Knowles several times, Todd told me that in fact that was his job duty but that Mr. Knowles did not tell him to come to the Enterprise location to assist me.

According to 28 U.S.C.A. Section 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on (date): 7-20-06

_Diane Murphy_ (signature)
Diane Murphy