**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

DIANE MURPHY,

      Plaintiff,

v.                                                                    NO.  1:05cv443-W
                                                                       Demand for Jury Trial

ADVANCE AMERICA CASH
ADVANCE CENTERS OF ALABAMA,

      Defendant.

---

**DEFENDANT'S REPLY TO PLAINTIFF'S
BRIEF IN RESPONSE TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

---

**I.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT IN ITS FAVOR WITH
RESPECT TO PLAINTIFF'S DISPARATE TREATMENT CLAIMS.**

    **A.    Plaintiff's Disparate Treatment Claim Based on an Alleged Failure to Promote
       Fails as a Matter of Law.**

Plaintiff has misrepresented the facts in the record in a failed attempt to establish a genuine

issue of material fact with respect to her failure to promote claim.  Plaintiff relies solely on her

alleged superior qualifications as compared to the individuals who were promoted to the Enterprise

and Ozark Branch Manager positions[1] as evidence of pretext.  In so doing, she misstates facts in the

record and relies upon inadmissible evidence in an effort to exaggerate her qualifications to support

---

[1]    In her Response Brief, Plaintiff claims that she "was not promoted to the position
of Branch Manager on <u>two</u> separate occasions" and goes on to compare her qualifications to
Edward Finnegan, who received the Branch Manager position at the Enterprise branch, and
Deborah Mercer, who received the Branch Manager position at the Ozark branch.  (Plaintiff's
Response Brief at p. 8)(emphasis added).  Accordingly, Plaintiff apparently does not contend
that the Dothan Branch Manager promotion decision was discriminatory.

her claim.

First, Plaintiff's repeated claim that she "had a college degree in the computer/clerical field" is wholly without merit. (*See* Plaintiff's Response Brief at pp. 2, 8, 9). Plaintiff testified in her deposition that she did <u>not</u> receive a degree from Riley Business College. (Plaintiff's dep., p. 44, ll. 16-23, attached hereto as Exhibit A).[2] Rather, Plaintiff received a "certificate in computer clerical" after attending the college during 1991. (Plaintiff's dep., p. 44, ll.19-20; Plaintiff's Response Brief, Ex. 1). Plaintiff's deposition testimony states in pertinent part:

> Q.    And the diploma that you received from Riley Business College, what kind of diploma was it?
>
> A.    It was, I believe, a certificate in computer clerical.
>
> Q.    You didn't get an Associates Degree or anything like that?
>
> A.    No.

(Plaintiff's dep., p. 44, ll. 16-23).

Next, Plaintiff seeks to rely on her alleged superior performance <u>after</u> being promoted to Branch Manager as evidence of pretext with respect to the promotion decisions at issue. (*See* Plaintiff's Response Brief at pp. 10-11). Plaintiff's reliance is misplaced. The legality of an employment decision is to be evaluated by the trier of fact in light of the facts Defendant reasonably believed to be true when the decision was made - not after the decision. *Johnson v. Yellow Freight Sys.*, 734 F.2d 1304 (8th Cir. 1984). At the time Defendant decided to promote Finnegan and Mercer instead of Plaintiff, it did not know how any of them would perform in the future, but rather, based

---

[2]    To the extent the Court considers this new evidentiary material requiring leave of Court to submit same, Defendant respectfully requests leave of Court to submit the referenced pages of Plaintiff's deposition to show Plaintiff's misrepresentation of the facts in the record.

its actions on Plaintiff's, Finnegan's and Mercer's prior performance. *See Selden Apartments v. U.S. Dept. Of Housing & Urban Dev.*, 785 F.2d 152 (6th Cir. 1986) (In case where minority contractor alleged that defendant violated its civil rights by awarding contract to non-minority firm, subsequent performance of the selected non-minority firm was not relevant, since the manner in which the firm would perform in the future was unknown to the defendant at the time it made its decisions. Therefore, subsequent performance was irrelevant and properly excluded under Fed. R. Evid. 401). Thus, evidence of Plaintiff's or Finnegan's or Mercer's performance after being promoted has no relevance whatsoever to whether Plaintiff suffered intentional discrimination with respect to the promotion decisions at issue.

Accordingly, Plaintiff's attempt to prove pretext based on her alleged superior qualifications fails as a matter of law. It is clear that Plaintiff cannot show that there was a disparity in qualifications between her and those selected for the two positions at issue "so great that a reasonable fact-finder could infer that [Defendant] did not believe that the comparator was better qualified." *Roper v. Foley*, 2006 WL 1004377 (11th Cir. April 18, 2006). Moreover, it is undisputed that Plaintiff was indeed promoted to a Branch Manager position. As such, Plaintiff cannot establish a claim of disparate treatment based on alleged failure to promote.

**B.      Plaintiff's Disparate Treatment Claim Based on An Alleged Pay Disparity with Majority Managers Fails as a Matter of Law.**

Plaintiff next claims that she suffered disparate treatment based on her race because, *at the time she was promoted to Branch Manager*, she alleges she was earning less than other Branch Managers. (SOF 33)[3](emphasis added). The only mention of this claim in Plaintiff's Response Brief

_____

[3]      "SOF" refers to the Statement of Undisputed Material Facts set forth in the Memorandum in Support of Defendant's Motion for Summary Judgment.

is Plaintiff's statement that "If qualifications are a consideration for salary for Branch managers, then clearly the Plaintiff should have been paid more than Deborah Mercer." (Plaintiff's Response Brief at p. 11).[4]  As noted above and in the Memorandum in Support of Defendant's Motion for Summary Judgment, Mercer was clearly more qualified than Plaintiff.  (SOF 15-16).[5]  In any event, Plaintiff  again relies on her post-promotion performance in support of her claim that she should have been paid more that Mercer.  However, as noted above, such post-event performance is not relevant because Plaintiff claims that the alleged pay disparity is based on her salary *at the time* she was promoted.

Moreover, Plaintiff has not disputed that at the time she was promoted to Branch Manager, her salary was <u>higher</u> than at least six (6) Caucasian Branch Managers in her division. (SOF 42, 49). As such, Plaintiff cannot state a *prima facie* case of discrimination, much less produce sufficient evidence to prove pretext. *Bush v. Commonwealth Edison, Co.*, 990 F.2d 928 (7th Cir. 1993); *Porter v. Milliken & Michaels, Inc.*, 2001 WL 736753 *4 (E.D. La. 2001); *Harris v. Home Savings Assn.*, 730 F. Supp. 298, 306 (W.D. Mo. 1989).  Plaintiff's disparate treatment claim based on alleged pay disparity fails as a matter of law.

### C.     Plaintiff's Disparate Treatment Claim Based on Her Transfer from the Ozark Branch to the Enterprise Branch Fails As A Matter of Law.

The "Argument" section of Plaintiff's Response Brief does not address Plaintiff's claim that her transfer was discriminatory.  As such, Plaintiff has not come forward with any evidence which

---

[4]     Plaintiff's contention in her "Statement of the Facts" that "Defendant has not produced any evidence which shows the size and/or budget of particular store locations" lacks merit. The Declaration of John Knowles at paragraph 26 sets forth the budgets of the stores at issue.

[5]     Likewise, Edward Finnegan was clearly more qualified than Plaintiff.  (SOF 10).

challenges Defendant's legitimate, non-discriminatory reason for Plaintiff's transfer. Plaintiff therefore has not produced any evidence of pretext. Accordingly, Plaintiff has failed to meet her burden of proof, and Defendant should be granted summary judgment in its favor on this basis alone.

In any event, Plaintiff has not disputed that her salary and benefits did not change upon being transferred to the Enterprise Branch. (*See* Plaintiff's Statement of Fact No. 47). As such, it is clear that her transfer did not constitute an adverse employment action because it did not result in a "serious and material change in the terms, conditions, or privileges of employment." *See Barrow v. Georgia Pacific Corp.,* 114 Fed. Appx. 54, 57 (11th Cir. 2005); *Davis v. Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001); *Hinson v. Clinch Cty.*, 231 F.3d 821, 828 (11th Cir. 2000); *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997).

Plaintiff's contention in her "Statement of Facts" that she had "many more duties than before" after her transfer because she allegedly "had a staff member taken away" does not make the transfer rise to the level of an actionable adverse employment action. *See Barrow*, 114 Fed. Appx. At 57 (the plaintiff's "bald assertion that her 'job responsibilities changed substantially' is insufficient to withstand summary judgment."), *quoting Holified v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997). Further, Plaintiff's contention that she "had a staff member taken away" lacks merit. Plaintiff apparently bases her assertion on the fact that Edward Finnegan had an extra employee under his supervision when he was the Branch Manager at the Enterprise branch. However, Plaintiff conveniently ignores the fact that Finnegan was the division's training manager at the time and was training employees. (Plaintiff's dep., pp. 91, l. 1 - 92, l. 19). Plaintiff was not a training manager. (Plaintiff's dep., p. 91, ll. 10-15). Accordingly, Plaintiff's claim of disparate treatment based on her transfer fails as a matter of law.

**D.      Plaintiff's Disparate Treatment Claim Based on Her Termination Fails As A Matter of Law.**

Plaintiff's disparate treatment claim based on her termination fails as a matter of law because Plaintiff has not come forward with evidence of any employee who was involved in or accused of the same or similar misconduct as she and disciplined in a different manner.  It is undisputed that Plaintiff was discharged for violating the Fair Debt Collection Practices Act, failing to implement a branch marketing plan as her supervisor had directed her to do, and failing to comply with the Company's Collection Policy, after having been previously counseled with respect to the same issues. (SOF 44, 50-54).  Plaintiff has not identified a non-protected employee who engaged in such conduct and was not terminated.  As such, she cannot establish a *prima facie*  case. *Silvera v. Orange County School Board*, 244 F.3d 1253, 1259 (11th Cir. 2001) . Her disparate treatment claim based on her termination, therefore, fails as a matter of law and should be dismissed.

Even if Plaintiff could establish a *prima facie* case, her claim still fails as a matter of law. First, Plaintiff cannot demonstrate that a reasonable factfinder would not find credible Defendant's reasons for Plaintiff's termination.  Although, Plaintiff states in her "Statement of Facts" that Knowles did not tell her to implement a marketing plan (Plaintiff's Response Brief at p. 5, SOF No. 50), Plaintiff admits in the "Argument" section of her Brief (Plaintiff's Response Brief at p. 12), and in her Declaration (Plaintiff's Response Brief, Ex. 4) that Knowles did indeed tell her to do so. Moreover, Plaintiff's contention that she was wrongfully "written up" previously for violating the Fair Debt Collection Practices Act is not evidence of pretext.  The fact that Plaintiff claims the violation was committed by one of her subordinates is of no consequence.  It is undisputed that as a Branch manager Plaintiff was ultimately responsible for the actions of the employees she supervised.  Accordingly, Plaintiff cannot point to any inconsistencies in Defendant's grounds for

6

Plaintiff's termination.  Moreover, Plaintiff has not come forward with any evidence that Brenda

Stewart, an African American who was a decision maker with respect to Plaintiff's termination, held

members of her own race to a higher standard of conduct than members of another race. *U. S. v.*

*Crosby*, 59 F.3d 113, 1136 (11th Cir. 1995).  Moreover, Plaintiff cannot dispute that John Knowles,

who promoted Plaintiff, also was a decision maker with respect to her termination.  Accordingly,

Plaintiff cannot prove that Defendant's reasons for Plaintiff's termination were pretext for unlawful

discrimination.  Plaintiff's disparate treatment claim based on her termination should be dismissed.

## II.    DEFENDANT IS ENTITLED TO SUMMARY JUDGMENT IN ITS FAVOR WITH RESPECT TO PLAINTIFF'S HOSTILE WORK ENVIRONMENT CLAIM.

Plaintiff's hostile work environment claim fails as a matter of law because Plaintiff has not

established that the alleged harassment was based on race.  Although Plaintiff claims that Edward

Finnegan was not required to "clean toilets" or "conduct door to door marketing," Plaintiff does not

dispute that  both African American and Caucasian employees were required to clean the bathrooms

at Defendant's stores and perform marketing. (SOF 58).  If there is no evidence to show that an

action is race-based, the Court may not consider it in harassment analysis. *Watson,* 324 F.3d at 1257.

It any event, it is clear that two ordinary workplace duties were not sufficiently severe or pervasive

to alter the terms and conditions of Plaintiff's employment and create a discriminatorily abusive

working environment.  Accordingly, Plaintiff cannot prove a *prima facie* case of racial harassment,

and her harassment claim, therefore, fails as a matter of law.

Even if Plaintiff were subjected to a racially hostile work environment, her harassment claim

still fails as a matter of law because Plaintiff admits that Defendant disseminated an adequate anti-

harassment policy with reporting procedures, and that Plaintiff was aware of the procedures but

never used them to complain that she was suffering race harassment.  Accordingly, Plaintiff cannot

prove a basis for holding Defendant liable for any alleged harassment. Her hostile work environment claim, therefore, fails as a matter of law.

## **CONCLUSION**

For the foregoing reasons, Defendant is entitled to judgment in its favor as a matter of law, and Plaintiff's Complaint should, therefore, be dismissed in its entirety.

Respectfully submitted,

LEWIS FISHER HENDERSON
   CLAXTON & MULROY, LLP
6410 Poplar Avenue, Suite 300
Memphis, Tennessee 38119
Telephone: (901) 767-6160
Facsimile: (901) 767-7411


By:/s/ James R. Mulroy, II
         James R. Mulroy, II
         Kelly S. Gooch

8

## CERTIFICATE OF SERVICE

I hereby certify that I have this 31st day of July, 2006 electronically filed the foregoing **DEFENDANT'S REPLY TO PLAINTIFF'S BRIEF IN RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

> Kenneth F. Gray, Jr., Esq.
> Bret M. Gray, Esq.
> Griffin & Associates
> 2100 River Haven Drive, Suite 1
> Hoover, AL 35244

> /s/ James R. Mulroy, II
> Counsel for Defendant

9