IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

DIANE MURPHY,

    Plaintiff,

v.                                                 Case No.  1:05-cv-443-W

ADVANCE AMERICA CASH             JURY DEMANDED
ADVANCE CENTERS OF ALABAMA,

    Defendant.

---

**DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 41(b)**

---

### I.  RELEVANT FACTS

The parties agreed on November 10, 2006 to settle the single claim which remained after entry of summary judgment.[1]  Defendant forwarded to Plaintiff a Confidential Release and Settlement Agreement for signature on the same day and the parties notified the Court that they had reached settlement.

On November 14, 2006, the Court issued an order stating that on or before November 30, 2006, the parties must file a joint stipulation of dismissal or other appropriate pleading.  The order generally continued the trial of the matter that had been set for November 27, 2006.

On November 30, 2006, Plaintiff filed an unopposed motion for extension of time to file the documents necessary to effect the dismissal with prejudice stating:

    (1)    Plaintiff and Defendant have reached a settlement in this matter.

---

[1] This was after the pretrial order was drafted and submitted and substantial trial preparation had been conducted by Defendant's counsel.

 (2) Defendant has provided counsel for the Plaintiff with a settlement agreement which counsel has forwarded on to his client for her signature.

 (3) This honorable Court ordered that all necessary dismissal documents be filed by today, November 30, 2006. However, counsel for Plaintiff has not yet received the executed agreement back from his client."

The Plaintiff's motion then requested 10 days from November 30 to file the dismissal documents with the Court. Plaintiff's motion for extension was granted on December 4, 2006. More than ten days have now passed since the filing of the motion on November 30, 2006 as well as the date of entry of the Court's December 4, 2006 order granting the ten day extension. At all times, Defendant has been ready, willing and able to perform under the agreement. Plaintiff has not submitted the executed release and confidentiality agreement, entered the required order of dismissal nor contacted the Court or counsel for an extension of time to do so.

## II. LAW AND ARGUMENT

Federal R. Civ. P. 41(b) provides:

> Involuntary Dismissal Effect Thereof. For failure of the Plaintiff to prosecute or to comply with these rules or any order of the Court, a Defendant may move for dismissal of an action or of any claim against the Defendant. Unless the Court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Additionally, Fed. R. Civ. P. 6(b) provides in pertinent part:

> Enlargement. When and by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of

excusable neglect. . .

It is appropriate for a court to dismiss a case where a plaintiff has accepted a settlement offer, yet failed to follow through with its terms. In *Reid v. Prentice -Hall, Inc.*, 261 F.2d 700 (6th Cir. 1958), the district court dismissed a case, such as here, where the parties had entered into a valid and binding agreement of settlement and compromise of all matters in controversy. Subsequently, the plaintiff rejected the settlement and demanded a higher figure, while the defendant, at all times since the original agreement was accepted, remained ready, willing, and able to perform according to the terms of that settlement. The court informed the parties at a hearing that unless the plaintiff completed the settlement that had been agreed upon within five days, it would summarily dismiss the plaintiff's petition. When plaintiff failed to comply with the court's order, it entered judgment for Defendant with costs assessed to Plaintiff.

The Circuit affirmed the trial court's ruling, holding that the district court's findings were not clearly erroneous and its conclusions were in accord with applicable law. The appeals court cited the court's inherent power to correct that which has been wrongly done by virtue of the court's process. Id. at 701, citing *Gumbel v. Pitkin*, 124 U.S. 131 (1888). The court also had inherent power to punish abuse of its process by dismissal of an action in the interest of orderly administration of justice. Id. at 701, citing 4 A.L.R. 2d 348. This includes the power to dismiss an action for disobedience of a court order. Id., citing *Refior v. Lansing Drop Forge Co.*, 124 F.2d 440 (6th Cir.). The dismissal by the district court order was affirmed due to the plaintiff's failure to complete the settlement as required by the court.

Further the Fifth Circuit has held dismissal under 41(b) is appropriate where, after prior court orders have been disobeyed, one of the following factors exist:

  1.  Delay resulting from intentional conduct.

  2.  Delay caused by the Plaintiff personally.

  3.  Delay causing prejudice to the Defendant.

*Rogers v. Kroger Co.,* 669 F.2d 317, 320 (5th Cir. 1982). In the case at bar, all three circumstances apply and the case therefore should be dismissed with prejudice.

  Plaintiff has failed to comply with the Court's orders to file a notice of voluntary dismissal or other appropriate pleading first by November 30, 2006 (first Court order) and then by no later than December 14, 2006 (second Court order). Plaintiff has now had more than 40 days since the settlement agreement was reached in which to execute settlement documents and voluntarily dismiss the case, yet Plaintiff has failed to do so. Plaintiff's counsel's motion to extend the deadline identifies the fault to lie squarely with Plaintiff. Moreover, Plaintiff failed to file a motion for any additional extension prior to December 14 and is now foreclosed from doing so pursuant to Fed. R. Civ. P. 6(b). In addition, the Defendant contends that the Plaintiff has unnecessarily protracted this case causing Defendant to incur additional expenses and prejudicing Defendant's ability to defend since, over time, it become more difficult to produce accurate testimonial evidence and other proof. Moreover, the remaining viable claim was exceedingly weak and had little monetary value even if liability was established. It is therefore appropriate and just to dismiss this case instanter.

  An order dismissing the case with prejudice assessing costs to Plaintiff is attached hereto as Exhibit 1.

                Respectfully submitted,

By:  s/ James R. Mulroy, II
      James R. Mulroy, II (TN Bar #000098)
      Kelly S. Gooch, Esquire (TN Bar #14325)
      LEWIS FISHER HENDERSON
        CLAXTON & MULROY, LLP
      6410 Poplar Avenue, Suite 300
      Memphis, Tennessee 38119
      Telephone: (901) 767-6160
      E-mail: jrmulroy@lfhc.com

      ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2006, I electronically filed the foregoing **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 41(b)** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

      Kenneth F. Gray, Jr., Esq.
      Bret M. Gray, Esq.
      Griffin & Associates
      2100 River Haven Drive, Suite 1
      Hoover, AL 35244
      keng@griffin-assoc.com

      s/ James R. Mulroy, II